[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff comes before this court seeking a dissolution of his marriage to the defendant and seeks various orders relating to custody, visitation and support. The defendant has filed a cross complaint seeking similar orders.
The court finds that the parties were intermarried at Oxford, Connecticut on October 6, 1978.
The court finds that the parties have resided continuously in the State of Connecticut for more than twelve months immediately preceding the commencement of this action.
The court finds that there are two minor children issue of the marriage:
James Russell, born February 26, 1975 and,
Paul William Russell, born January 10, 1979.
The court finds that the marriage has broken down irretrievably and therefore enters a decree of dissolution.
The court awards alimony of $50.00 per week payable until such time as the youngest child reaches the age of 18.
As for the minor children, both parents in their complaint and cross complaint have requested that there be an award of joint custody. It should be noted here that the defendant during her cross examination by counsel for the children indicated a desire to have sole custody of the minor children. The court, after hearing all of the evidence, has been made aware of the relationship between both parents and the children, and is of the opinion that joint custody should be awarded with physical custody granted to the defendant. In all major decisions relating to the children's health, education, employment, and welfare, the parties are to consult with each other with a view toward the best interests of the children.
The husband shall have reasonable and liberal rights of visitation according to the following schedule:
(1) Every other weekend from 6:00 p.m. Friday until 7:00 CT Page 7771 p.m. on Sunday.
 (2) Every Tuesday and Wednesday from immediately after school until 8:00 p.m.
This schedule may be adjusted upon mutual agreement of the parties taking into consideration the best interests of the children. In the event of a dispute between the parties concerning visitation and they are unable to resolve it between themselves then the issue shall be submitted to Mrs. Grace Pacitto for mediation as agreed upon by the parties before submitting the issue to the court. Either party is to have reasonable access to the children whenever they are in the custody of the other party.
If either child shall become ill or suffer an injury either of which necessitates the services of a physician, the other party is to be immediately notified and kept informed as to the child's progress. During such illness or injury either party is to have reasonably immediate access to and visitations with the child in addition to any other rights granted herein.
All copies of any reports concerning the health, education, and welfare of the children shall be shared between the parties within a reasonable time after receipt of some and either party shall have the right to request such reports from the parties furnishing the same.
Any costs incurred by the plaintiff in exercising his rights of visitation shall be his sole responsibility and shall be separate and apart from any support ordered by this court for the care and maintenance of the children. During the period of time in which the plaintiff shall exercise his rights of visitation there shall be no reduction in the support payments.
Should either of the children desire to change his primary residence and the parties are unable to resolve this issue between themselves then the matter shall be submitted to the Family Relations officer for mediation before being submitted to the court.
In the event that either party wishes to relocate then in that event the party wishing to do so shall notify the other not less than 60 days prior to the date of such relocation. Each party shall use their best efforts to negotiate a reasonable modification of visitations and expenses related to the exercise of their individual rights. If an agreement cannot be reached then the issue shall be submitted to the court for determination.
For a period of two weeks including the time within which the plaintiff's plant is closed the plaintiff is to have visitations CT Page 7772 with the children commencing at 6:00 p.m. on the Friday prior to the shutdown.
As support for the minor children the court orders the plaintiff to pay the sum of $210.00 per week. On June 28, 1991 Meadow, J. found an arrearage of child support in the amount of $1,150.00. The plaintiff is to continue to pay this arrearage at the rate of $10.00 per week commencing immediately.
Both parties have indicated that they are indebted to the defendant's parents for back rent and they agree that they are both liable for same, therefore the court orders each of them to pay one-half of the amount due.
The plaintiff is to carry the children on his medical insurance. Any uninsured medical or dental expenses relating to the children is to be shared equally between the parties. The plaintiff, if the defendant so desires, shall carry her on his company's health insurance plan, at her expense for whatever amount of time such insurance is available to her.
The plaintiff shall be responsible for all of the bills listed on his affidavit. In addition, the defendant shall be responsible for the debts listed on the defendant's affidavit as "Discover" and for one-half of the back rent due to Peter Pacitto. In addition, the plaintiff is to pay $500.00 of his wife's legal costs.
The Court Hugh C. Curran, Judge.